# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Christopher Deal

October 8, 2015

Case No. CR15001876-00

By Judge Mary Jane Hall

The matter came before the Court on Defendant's motion to suppress evidence recovered from a pat-down and physical search of his person. For the reasons stated herein, the motion is denied.

*Factual Background*

Norfolk police officers observed Defendant and another male walking at night on February 25, 2015, on property owned by Norfolk Redevelopment and Housing Authority. Nothing about the conduct of either man raised any suspicion of criminal activity. They appeared to notice the marked police car, yet did not react with alarm or change their pace or direction; they made no furtive gestures or suspicious movements with their hands; they simply continued walking along. Norfolk police officer Anderson testified that he called out to Defendant, "Hey, can I talk to you real quick?" Defendant complied and approached the police car in a cooperative manner. Their subsequent conversation about whether Defendant resided on the property (he did not), whether he had been banned from the property (he had not), whether he would produce some identification showing where he lived (he did), whether he had any weapons (he said he did not), whether the officer could pat him down for weapons (he agreed), and finally, whether he had any narcotics on his person (he admitted that he did), caused Officer Anderson to conduct the search of Defendant's person that revealed the evidence that is the subject of this motion.

*Legal Analysis*

Defendant contends that his illegal detention began when Officer Anderson summoned him to the car for questioning. Officer Anderson admittedly had no reasonable, articulable suspicion that Defendant was engaged in any criminal conduct. Defendant argues that a reasonable person would not have felt free to leave following such a request by law enforcement and that Officer Anderson lacked any probable cause to detain him or thereafter to question him about whether he had any narcotics on him.

The Court has no doubt that many or even most citizens feel obligated to cooperate with requests by law enforcement and would not consider ignoring or rejecting an invitation such as the one extended by Officer Anderson to Defendant. Overwhelming case law, however, establishes that police do not violate the Fourth Amendment or unlawfully seize an individual when they question people who are not suspected of any crime. For example, the United States Supreme Court has held: "Even when law enforcement officers have no basis for suspecting a particular individual, they may pose questions, ask for identification, and request consent to search . . . provided [the officer does] not induce cooperation by coercive means." *United States v. Drayton*, 536 U.S. 194, 201 (2002); *see also id.* at 200 ("Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen."); *INS v. Delgado*, 466 U.S. 210, 216 (1984) ("[I] nterrogation relating to one's identity or a request for identification by the police does not, by itself, constitute a Fourth Amendment seizure.").

The Virginia Supreme Court has likewise concluded that police do not need suspicion or probable cause to stop an individual for questioning: "The Fourth Amendment does not require any level of suspicion to justify non-coercive questioning by officers, including a request for identification." *Branham v. Commonwealth*, 283 Va. 273, 279, 720 S.E.2d 74, 77 (2012) (citing *Drayton*, 536 U.S. at 200-01). Officer Anderson asked for Defendant's identification in order that his partner could check it, which the law deems a consensual encounter and not a detention by police. *Branham*, 283 Va. at 280 (an officer's "request to see his driver's license [is] no more than a request").

Application of settled case law confirms that the encounter between Officer Anderson and Defendant, including the search that led to the evidence at issue in this motion, was consensual. The officer's actions did not violate Defendant's Fourth Amendment rights. Accordingly, the motion to suppress is denied.